**SECURITY PACIFIC NATIONAL BANK, Plaintiff,**

**v.**

**OL.s. PACIFIC PRIDE, O/N 621200, her engines, tackle, gear, equipment and appurtenances, in rem, Defendant,**

**Pacific Pride Fisheries, Claimant,**

**Ruth Thayer; Rex Martin; David Hill; Michael J. Mattera; Jeanne Mattera; Tina Mattera; James C. Burke; Kodiak Fishing Company, a corporation; Andreas Arndtsen; Jerry Botkin; F/V Chicamin; Lafayette, Inc., a corporation; Elizabeth F., Inc., a corporation; Michael Prittle; Mark Edwards; Multi Sales International, Inc., a corporation, Plaintiff-Intervenors.**

**No. C82–528B.**

United States District Court, W.D. Washington.

July 30, 1982.

Jeffrey R. Masi, of Bogle & Gates, Seattle, Wash., for plaintiff Security Pac. Nat. Bank.

Charles M. Davis, of Harrison, Davis & Calmes, Seattle, Wash., for intervenors Michael Mattera, Jeanne Mattera, Tina Mattera and James Burke.

Michael J. Havers of Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for intervenor Multi Sales Intern., Inc.

J. Carl Mundt of Mundt, MacGregor, Happel, Falconer & Zulauf, Seattle, Wash., for intervenors Ruth Thayer, Rex Martin and David Hill.

Martin P. Detels, Jr. of Detels, Draper, Madden & Crockett, Seattle, Wash., for intervenors Kodiak Fishing Co., Andreas Arndtsen, Jerry Botkin, F/V CHICAMIN, Lafayette, Inc., Elizabeth F, Inc., Michael Prittle, and Mark Edwards.

W. Craig Smith of Lane, Powell, Moss & Miller, Seattle, Wash., for claimant Pacific Pride Fisheries, owner of Ol.s. PACIFIC PRIDE.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

BEEKS, Senior District Judge.

■ On May 5, 1982, plaintiff filed the above-captioned action *in rem* seeking to foreclose its preferred ship mortgage upon defendant PACIFIC PRIDE executed by claimant Pacific Pride Fisheries to secure plaintiff's loan to it in the principal amount of one million four hundred thousand dollars ($1,400,000). Plaintiff-Intervenors, Ruth Thayer, Rex Martin and David Hill ("Partners") were allowed to intervene on June 15, 1982, and filed their complaint in intervention seeking to foreclose a second preferred ship mortgage in the principal amount of four hundred fifty thousand dollars ($450,000) which secures their loan in that amount to Claimant, a partnership comprised of fifteen (15) individuals, the moving partners being three of the fifteen.

On July 9, 1982, the court granted plaintiff's motion for summary judgment and ordered sale of the vessel on July 30, 1982. Pursuant to the court's order, any party that had gained a judgment by the date of sale was given leave to bid any or all of that judgment in lieu of cash for the vessel.

Partners now move for summary judgment foreclosing their claimed preferred ship mortgage, and thus, seek to add to the amount available to them to bid at the sale of the PACIFIC PRIDE approximately five hundred seventy two thousand dollars ($572,000). The sole issue here is whether a ship mortgage granted by a partnership in favor of individual partners, securing a loan of funds to the partnership by those partners, may constitute a valid preferred ship mortgage.

■ The opponents of this motion correctly point out that the law is clear that owners, part owners, joint venturers and stockholders cannot have a valid maritime lien on any vessel in which they own an interest. G. Gilmore & C. Black, *The Law of Admiralty*, § 9–20, at 626 (2d ed. 1975) [hereinafter cited as Gilmore & Black]. This correctly states the rule in this District, which arose with respect to maritime liens within the purview of 46 U.S.C. § 971. *THE MORNING STAR*, 1 F.2d 410 (W.D. Wash.1924).

■ Plaintiff and competing intervenors persuasively argue that were the court to grant judgment as requested, the inequitable effect would be that ownership interests would thereby be allowed to recover a high priority claim against their own property, here the PACIFIC PRIDE, with the result that lower ranking lien claimants, who should recover on proper claims before the owners receive anything, stand a much greater chance of receiving nothing from the proceeds of a vessel sale. Partners counter this argument by dropping the issue of priorities; that is, they urge that a declaration of priorities should await distribution of the sale proceeds, and should not be a determinative factor herein. One cannot, however, seek a summary declaration of the validity of a preferred ship mortgage, its foreclosure, and the right to bid the judgment thereon in lieu of cash at a Marshal's sale, and yet reserve the matter of priorities. This is an argumentative *non sequitur*. The complaint in intervention of Partners recites that all acts necessary to

perfect its preferred ship mortgage were accomplished, that default has occurred and that the debt has been accelerated and is now wholly due. Their complaint prays for their preferred ship mortgage to be foreclosed and the instant motion seeks a summary award of such relief.

 To grant Partners' motion would set a precedent that would open the door to fraud and collusion by persons owning an interest in a vessel and would disrupt the system now well-developed in the law of admiralty by which vessel financing and venture outfitting is accomplished. This motion presents a complex legal issue. As noted by the court of appeals to which I am accountable,

> [s]ummary judgment has, as one of its most important goals, the elimination of waste of the time and resources of both litigants and the courts in cases where a trial would be a useless formality. Courts must, of course, proceed with caution in determining litigation by summary judgment; *this is especially true where grave, important and novel questions of law are involved.*

*Zweig v. Hearst Corp.,* 521 F.2d 1129, 1136 (9th Cir.), *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975) (emphasis added). It cannot be said that movants are entitled to judgment as a matter of law. I am unwilling to rule, at this time and on the arguments thus far presented, that Partners herein have a valid preferred ship mortgage which can and should be foreclosed. Accordingly, Partners' motion for summary judgment is denied.